## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21975-CV-LENARD

**RENE GONZALEZ,**

Movant,

v.

**UNITED STATES OF AMERICA,**

Respondent.

_____/

## ORDER DISMISSING MOTION TO VACATE SENTENCE (D.E. 1) AND CLOSING CASE

**THIS CAUSE** is before the Court on Movant Rene Gonzalez's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (D.E. 1), filed June 15, 2010.  The Government filed a Response in Opposition (D.E. 22) on April 25, 2011.  Having considered the referenced filings and the record, the Court finds as follows.

In 2001, Movant was convicted in United States v. Gonzalez, Case No. 98-721-CR, of acting as an agent of a foreign government, the Republic of Cuba, without notifying the Attorney General, 18 U.S.C. § 951, and conspiring to act as an agent of a foreign government and to defraud the United States of and concerning its governmental functions and rights, id. § 371.  The Court sentenced Movant to an aggregate term of fifteen years' imprisonment plus three years' supervised release.  (See Judgment, Case No. 98-721-CR, D.E. 1437 at 2.)  Movant's convictions and sentence were affirmed by

the Eleventh Circuit on direct appeal.  See United States v. Campa, 529 F.3d 980, 1018 (11th Cir. 2008).

On June 15, 2010, Movant filed the present Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.  (See Motion to Vacate, Case No. 10-21975-CV, D.E. 1 at 1.)

Movant completed his term of incarceration and was released from federal custody on October 7, 2011.  He began serving his term of supervised release thereafter.

On June 26, 2012, Movant filed a Motion to Modify Conditions of Supervised Release in his underlying criminal cause number.  (See Motion, Case No. 98-721-CR, D.E. 1826 at 1.)  Movant sought modification of his supervised-release conditions such that he could return to Cuba and serve the remainder of his term on a non-reporting basis. (Id.)  Movant argued that various factors favored modification under 18 U.S.C. §§ 3853(e)(2) and 3553(a).  (Id. at 2–4.)  Movant, who was a dual citizen of Cuba and the United States, also offered to voluntarily renounce his United States citizenship in order to obtain modification and to give the United States confidence that he would not reenter this country.  (Id. at 6.)

On August 31, 2012, following over a year of inactivity by the Parties in Movant's Section-2255 proceeding, the Court issued an Order to Show Cause instructing Movant to submit notice as to whether he wished to continue prosecution of his Motion to Vacate. (See Order to Show Cause, Case No. 10-21975-CV, D.E. 27.)

Movant filed a Response on September 7, 2012, stating that "should the motion be granted to allow him to return to Cuba he will dismiss his action filed pursuant to 28 U.S.C. § 2255 forthwith.  However, as long as the defendant remains residing in the

2

United States and unable to return permanently to Cuba, it is his desire to continue the prosecution of this action." (Response to Show Cause Order, Case No. 10-21975-CV, D.E. 28 at 2 (internal quotations and record citations omitted).)

On May 3, 2013, the Court issued an Order Granting Movant's Motion to Modify Conditions of Supervised Release. (See Order, Case No. 98-721-CR, D.E. 1848 at 5.) The Court permitted Movant to serve the remainder of his supervised-release term in Cuba on a non-reporting basis, provided that he voluntarily renounce his citizenship in Cuba and obtain a certificate of loss of nationality from the U.S. Department of State. (Id. at 6.)

On May 14, 2013, Movant filed a Status Report and Certificate of Loss of Nationality indicating that he had completed renunciation procedures in Cuba. (See Status Report, Case No. 98-721-CR, D.E. 1849 at 2; Certificate, Case No. 98-721-CR, D.E. 1849-1 at 4.)

On May 17, 2013, this Court issued a second Order to Show Cause instructing Movant to submit notice as to whether, in light of the modification of his conditions of supervised release, he wished to dismiss his Motion to Vacate. (See Order, Case No. 10-21975-CV, D.E. 29.)

On May 24, 2013, Movant filed a Response to Order to Show Cause, stating that "it remains his desire (as previously set forth in the September 7, 2012 response) to have this case dismissed and for the court to enter the appropriate orders dismissing this petition." (Response to Order to Show Cause, Case No. 10-21975-CV, D.E. 30 at 2.) The Government also filed a Response to Movant's filing, indicating that "[t]he United

States agrees with this request, and therefore respectfully submits that the court may, and should, dismiss the instant motion to vacate, set aside or correct Movant's sentence . . . ." (United States' Response, Case No. 10-21975-CV, D.E. 31 at 1.)

Upon review of the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1.    Movant Rene Gonzalez's Motion to Vacate Sentence Pursuant to 28 U.S.C.

§ 2255 (D.E. 1), filed June 15, 2010, is **DISMISSED**;

2.    All other pending motions in this matter are **DENIED AS MOOT**; and

3.    This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of May, 2013.

_Joan A. Lenard_
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**